METROPOLITAN HOLDING COMPANY, a general partnership, Petitioner-Appellant-Petitioner,

v.

BOARD OF REVIEW OF the CITY OF MILWAUKEE, WISCONSIN, Respondent.

Supreme Court

*No. 90–2748.  Oral argument November 3, 1992.—Decided February 17, 1993.*

(Also reported in 495 N.W.2d 314.)

For the petitioner-appellant-petitioner there were briefs by *Alan Marcuvitz, F. Patrick Matthews, Andrea Roschke* and *Weiss, Berzowski, Brady & Donahue,* Milwaukee and oral argument by *Mr. Marcuvitz* and *Ms. Roschke.*

For the respondent the cause was argued by *Kathryn M. West,* assistant city attorney, Milwaukee, with whom on the brief was *Grant F. Langley,* city attorney.

DAY, J.   This is a review of a published court of appeals decision [1] affirming an order by the circuit court for Milwaukee County, Honorable Charles L. Larson, Reserve Judge. The circuit court affirmed the Board of Review of the City of Milwaukee's decision to sustain the city tax assessor's assessment of Metropolitan Holding Company's property.

At issue is the proper annual income figure to be used when assessing a subsidized housing project under the capitalization of income approach. While the Board of Review of the City of Milwaukee (hereinafter referred to as "The Board") argues that annual income should be based on estimated market rents and expenses, Metropolitan argues that annual income should be based on actual income and expenses. We agree with Metropolitan and reverse the court of appeals.

The facts are not in dispute. Metropolitan built Layton Garden, a three-building housing complex, in 1972–73. In return for federal financing, Metropolitan agreed to several restrictions imposed by the Federal Department of Housing and Urban Development (hereinafter referred to as "HUD"). For example, HUD requires that Metropolitan rent only to elderly persons

---

[1] 167 Wis. 2d 134, 482 N.W.2d 654 (Ct. App. 1992).

whose income is below a certain level. HUD also controls the maximum amount of rent that Metropolitan can charge and the grounds upon which Metropolitan may evict a tenant. Furthermore, HUD limits the amount Metropolitan can retain after expenses to approximately $6,000 per building per year, with any excess profits reverting to HUD.

In 1988, the city assessor assessed Layton Garden at $4,766,000. In calculating the value of Layton Garden, the city assessor used the capitalization of income method. Under this method, the value of a property is determined by applying a capitalization rate to the estimated net annual income. Metropolitan does not object to the use of the capitalization of income method.

Metropolitan does object, however, to the city assessor's method of calculating the net annual income. The city assessor based his calculation of net annual income on estimated market rents and expenses. The city assessor, therefore, created a hypothetical market using figures from housing complexes which, although not subject to HUD regulations, were otherwise comparable to Layton Garden.

In response to Metropolitan's objection to the assessment, The Board granted Metropolitan a hearing. At the hearing, Metropolitan argued that the city assessor should have based his calculation of net annual income on actual rents and expenses because the HUD regulations precluded market rents and the actual expenses exceeded the estimated expenses. Although The Board reduced the assessment to $4,483,000, The Board approved the use of estimated market rents and expenses.

Metropolitan filed a petition for a writ of certiorari and requested the circuit court to reverse The Board. The circuit court upheld the decision of The Board and

Metropolitan appealed. The court of appeals affirmed the circuit court. This court then accepted Metropolitan's petition for review.

"The principles of law are well settled governing the jurisdiction of courts in reviewing the findings of boards of review on *certiorari.*" *State ex rel. Mitchell Aero v. Bd. of Review,* 74 Wis. 2d 268, 280, 246 N.W.2d 521 (1976). On review, this court considers only the following factors: "(1) Whether the board kept within its jurisdiction; (2) whether it acted according to law; (3) whether its action was arbitrary, oppressive or unreasonable and represented its will and not its judgment; and (4) whether the evidence was such that it might reasonably make the order or determination in question." *Id.* at 281–282, citing *Dolphin v. Board of Review,* 70 Wis. 2d 403, 408, 234 N.W.2d 277 (1975).

Metropolitan contends that The Board did not act according to law when it approved the use of estimated market rents and expenses to determine the value of Layton Garden. Metropolitan argues that sec. 70.32(1), Stats. 1987–88,[2] case law and the Federal and Wisconsin Constitutions prohibit the use of the capitalization of income method based on estimated market rents and expenses when assessing subsidized housing. We conclude that The Board did not act according to law when it approved the assessment of Layton Garden because the assessment violated sec. 70.32(1). We therefore

---

[2] Section 70.32(1) provides in pertinent part:

**70.32 Real Estate, how valued. (1)** Real property shall be valued by the assessor in the manner specified in the Wisconsin property assessment manual provided under s. 73.03 (2a) from actual view or from the best information that the assessor can practicably obtain, at full value which could ordinarily be obtained therefor at private sale.

reverse the court of appeals without reaching Metropolitan's additional arguments regarding constitutionality.

Section 70.32(1), Stats. governs the valuation of real property for the purposes of taxation and requires an assessor to value real property at the "full value" which could ordinarily be obtained at a private sale. *Steenberg v. Town of Oakfield,* 167 Wis. 2d 566, 572, 482 N.W.2d 326 (1992). "This court has construed, for purposes of real property assessment, the statutory phrase 'full value' to mean fair market value: 'the amount it will sell for upon arms-length negotiation in the open market, between an owner willing but not obliged to sell, and a buyer willing but not obliged to buy.' " *Id.* quoting *Darcel v. Manitowoc Review Bd.,* 137 Wis. 2d 623, 628, 405 N.W.2d 344 (1987).

The assessment in the present case violated sec. 70.32(1), Stats. because the city assessor's valuation of Layton Garden exceeded the fair market value. In using estimated market rents and expenses, the city assessor essentially pretended that Layton Garden was not hindered by the HUD restrictions and valued the property at the amount the property would bring in an arm's-length transaction if Metropolitan were able to charge market rents. Layton Garden was, however, hindered by the HUD restrictions and it is undisputed that the HUD restrictions precluded Metropolitan from charging market rents. In fact, the city assessor admitted that Metropolitan could not have realized the assessed amount from a private sale in 1988. Furthermore, The Board's counsel conceded, during oral argument, that she would pay less for a building encumbered with HUD restrictions than she would for an otherwise identical building that was not encumbered with HUD restrictions. The city assessor's use of estimated market rents violated sec.

631

70.32(1), because the estimated market rents did not reflect the true market value of Layton Garden.

The Board points out that sec. 70.32(1), Stats. provides that real property shall be valued "in the manner specified in the Wisconsin property assessment manual. . . ." Section 73.03, Stats. 1987–88 grants the Wisconsin Department of Revenue the authority to prepare the Wisconsin Property Assessment Manual (hereinafter referred to as "the Manual"). Section 73.03, Stats. provides that "[t]he manual shall discuss and illustrate accepted assessment methods, techniques and practices with a view to more nearly uniform and more consistent assessments of property at the local level." The Manual, which specifically addresses the appropriate method of valuing subsidized housing, states: "subsidized housing must be valued according to the value it would command if it were free and clear of encumbrances. . . . When using the income approach for the valuation of subsidized housing, market rents must be used, regardless of whether the contract rents are above or below market rent." 1 *Property Assessment Manual for Wisconsin Assessors* at 9–25.

The Board argues that the assessment of Layton Garden did not violate sec. 70.32(1), Stats. because sec. 70.32(1), requires that real property be valued in the manner specified in the Manual and the city assessor complied with the Manual when valuing Layton Garden. Section 70.32(1), however, also mandates that real property be assessed at the full value which could ordinarily be obtained at private sale. We have already held that Layton Garden was not assessed at its full value, as that term is used in the statute, because the assessed value exceeded the fair market value.

We now hold that compliance with the Manual is not a defense when the method of assessment suggested

by the Manual results in a violation of sec. 70.32(1), Stats. Although The Board urges this court to defer to the Manual when the Manual accurately reflects the state of the law, the portion of the Manual which requires the use of estimated market rents when assessing subsidized housing under the capitalization of income approach does not accurately reflect the state of the law. In fact, that portion of the Manual directly violates sec. 70.32(1).

Although the parties dispute whether the Manual carries the same weight as an administrative rule, this court has held that even long-standing administrative rules may not stand at variance with an unambiguous statute. *See Department of Revenue v. Howick*, 100 Wis. 2d 274, 280–81, 303 N.W.2d 381 (1981) (citing *State ex rel. Irany v. Milwaukee County Civil Service Comm.,* 18 Wis 2d 132, 135, 118 N.W.2d 137 (1962)). In light of this established principle, we conclude that the portion of the Manual which contradicts sec. 70.32(1), Stats. does not control this case.

The language of sec. 73.03, Stats. supports our conclusion. Section 73.03, states that "[t]he Manual shall be amended by the department from time to time to reflect advances in the science of assessment, **court decisions concerning assessment practices,** costs and statistical and other information deemed valuable to local assessors by the department." (emphasis added). The quoted language indicates that the Legislature intended that the Manual conform to, rather than establish, Wisconsin Law.

In summary, we hold that the assessment of Layton Garden violated sec. 70.32(1), Stats. even though the assessment was pursuant to the instructions set forth in the Wisconsin Property Assessment Manual. We therefore reverse the court of appeals without reaching Metro-

politan's additional arguments. We remand this case with instructions that The Board order the city assessor to assess Layton Garden using the capitalization of income approach based on actual income and expenses.

*By the Court.* —The decision of the court of appeals is reversed and the case is remanded to circuit court with instructions to remand to the Board of Review of the City of Milwaukee for further proceedings consistent with this opinion.