FRIENDSHIP VILLAGE OF GREATER MILWAUKEE, INC. and Freedom Village, Inc., Plaintiffs-Respondents,

v.

CITY OF MILWAUKEE, Defendant-Appellant.

Court of Appeals

*No. 94–1877. Oral argument March 31, 1995.—Decided May 23, 1995.*

(Also reported in 535 N.W.2d 111.)

For the defendant-appellant the cause was submitted on the briefs of *Grant F. Langley*, city attorney and *Gregg C. Hagopian*, assistant city attorney, of Milwaukee. There was oral argument by *Gregg C. Hagopian*.

For the plaintiffs-respondents the cause was submitted on the briefs of *David L. Kinnamon, Michael J. Conlan* and *Patricia A. Hintz* of *Quarles & Brady*, of Milwaukee. There was oral argument by *David L. Kinnamon*.

Amicus Curiae brief was filed by *Claire Silverman* of Madison, for League of Wisconsin Municipalities.

Amicus Curiae brief was filed by *James E. Doyle*, attorney general and *Gerald S. Wilcox*, assistant attorney general, for Wisconsin Department of Revenue.

Before Wedemeyer, P.J., Fine and Schudson, JJ.

WEDEMEYER, P.J. The City of Milwaukee appeals from a judgment that directs Freedom Village, Inc.'s ten-acre property tax exemption to be calculated sequentially rather than simultaneously.[1] The City claims that § 70.11, STATS., requires the ten-acre exemption to be calculated by taking each building

---

[1] The terms "sequential" and "simultaneous" are used for ease of reference. Calculation on a sequential basis refers to taking all of the building acreage first before adding any land necessary for the convenience of those buildings. Simultaneous calculation refers to taking the first building's acreage along with the first building's convenient land before moving on to the second building and its convenient land and so forth.

footprint[2] *plus* land convenient to that building before proceeding to the next building. The judgment, however, directed the City to calculate the exemption by adding the acreage under all the buildings before adding any land for the convenience of buildings. Because the statute is plain on its face that the acreage calculation should be done simultaneously, we reverse the judgment. Because the record is void of any factual determinations regarding exactly what land is "convenient" to each building, we remand the case to the trial court for such determination.

## I. BACKGROUND

This is the second appeal arising in this case. The first appeal decided that Freedom Village and Friendship Village of Greater Milwaukee, Inc., were both entitled to their own ten-acre tax exemption. *See Friendship Village v. Milwaukee*, 181 Wis. 2d 207, 511 N.W.2d 345 (Ct. App. 1993) (hereinafter *Friendship I*). Freedom is a benevolent retirement home, constructed as a planned development project. Construction on the project began in 1988. As of January 1, 1989, six buildings were under construction. As of January 1, 1990, six buildings were complete and six more buildings were under construction. On remand in *Friendship I*, the trial court entered a judgment that spelled out the method for calculating the tax exemption, directing that the calculation be performed sequentially. The City appeals from this judgment.

---

[2] A building footprint refers to the land underneath the building, but if the footprint is exempt, the building located on the footprint is also exempt.

## II. DISCUSSION

### A. *Calculation Method.*

Freedom Village argues that § 70.11, STATS., is plain on its face—that the statute provides that the ten acres entitled to exemption should be calculated in a sequential fashion for each taxable year. That is, all of the building footprints for completed buildings or buildings under construction in the pertinent taxable year should be added together before turning to land surrounding each building. The City also argued that § 70.11 is plain on its face—but that the statute plainly provides for simultaneous calculation.[3] That is, the calculation starts with a building's footprint, *and* all the land convenient to the building, before exempting any additional building's footprints. The City agrees that the calculation includes completed buildings or build-

[3] We note that Freedom Village claims the City has waived consideration of this issue. We do not agree. The City clearly raised the "calculation issue" on the first appeal in this case. We declined to address the issue because our decision that Freedom and Friendship were each entitled to their own ten-acre exemption disposed of the appeal. *See Friendship Village v. Milwaukee*, 181 Wis. 2d 207, 211 n.2, 511 N.W.2d 345, 347 n.2 (Ct. App. 1993).

The City filed a petition seeking Wisconsin Supreme Court review of the *Friendship I* decision. The supreme court declined to review the case. *See* 515 N.W.2d 714 (1994). Freedom Village's waiver argument is based on the City's failure to raise the calculation issue in its petition for review. We hold that a party's failure to raise an issue, which this court previously declined to address in an appeal, in a petition for review, does not constitute waiver of that issue. Accordingly, we deny Freedom Village's motion for frivolous costs.

ings under construction. The trial court's judgment directed that the sequential method be applied.[4]

Statutory interpretation and construction is a question of law which we review *de novo*. *Campion v. Montgomery Elevator Co.*, 172 Wis. 2d 405, 410, 493 N.W.2d 244, 246 (Ct. App. 1992). The pertinent part of § 70.11, STATS., states:

---

[4] The judgment states in pertinent part:

2. The exemption from general property tax under § 70.11(4), *Wis. Stats.*, for the year 1989 for Freedom Village shall be computed as follows:

(a) By first exempting all personal property at Freedom Village as of January 1, 1989:

(b) By next exempting land at Freedom Village upon which buildings were located on January 1, 1989, up to a total of ten acres;

(c) In the event that the land at Freedom Village upon which buildings were located on January 1, 1989 totals less than ten acres, by next exempting land at Freedom Village necessary for the convenience of buildings as of January 1, 1989, up to an aggregate total (including land on which buildings were located on January 1, 1989) of ten acres; and

(d) By subjecting to general property taxation any land at Freedom Village in excess of the ten-acre limitation so computed.

3. The exemption from general property tax under § 70.11(4), *Wis. Stats.*, for the year 1990 for Freedom Village shall be computed as follows:

(a) By first exempting all personal property at Freedom Village as of January 1, 1990;

(b) By next exempting land at Freedom Village upon which buildings were located on January 1, 1990, up to a total of ten acres;

(c) In the event that the land at Freedom Village upon which buildings were located on January 1, 1990 totals less than ten acres, by next exempting land at Freedom Village necessary for the convenience of buildings as of January 1, 1990, up to an aggregate total (including land on which buildings were located on January 1, 1990) of ten acres; and

(d) By subjecting to general property taxation any land at Freedom Village in excess of the ten-acre limitation so computed.

> The property described in this section is exempted from general property taxes. . . . Property exempted from general property taxes is:
>
> **(4)** EDUCATIONAL, RELIGIOUS AND BENEVOLENT INSTITUTIONS; WOMEN'S CLUBS; HISTORICAL SOCIETIES; FRATERNITIES; LIBRARIES. Property owned and used exclusively by . . . benevolent associations, including benevolent nursing homes and retirement homes for the aged . . . but not exceeding *10 acres of land necessary for location and convenience of buildings* while such property is not used for profit.[5]

(Emphasis and footnote added.) The pivotal language in the statute is "land necessary for location and convenience of buildings." Freedom Village claims this language indicates that the ten acres should be calculated to include land first necessary for the location of all the buildings and, only if the ten acres is not yet consumed, to also include the land necessary for the convenience of buildings. Such a reading does not comport, however, with the plain grammar of the sentence.

The terms "location" and "convenience" are joined by the coordinating conjunction "and." The purpose of a coordinating conjunction is to link words of equal importance—to join words of equal grammatical rank. THE LITTLE, BROWN HANDBOOK 172, 772 (5th ed. 1992). Based on the foregoing, we conclude that the pivotal language is plain on its face. Land necessary for *location of buildings* and *land necessary for convenience* of buildings are of equal importance. Accordingly, prior-

---

[5] This statute exempts, without limitation, all personal property at Freedom Village. Neither party raises the issue of personal property exemption. Accordingly, the text of this opinion addresses only the ten-acre property tax exemption.

ity should not be given to *location*, simply because it precedes the conjunction and *convenience* follows the conjunction.

The only reasonable interpretation of this language is to calculate the acreage by taking each building, *along with* the land necessary for that building's convenience, before moving on to the next building and its appurtenant land. This process continues until the ten-acre limit is reached. This process occurs in each taxable year to reflect the status of the property in that year. If additional buildings are constructed, or land convenient to existing buildings is modified, the statute requires a recalculation. We reject the City's argument that once the ten acres is consumed, no changes may occur with respect to calculating exactly what land is exempt in future years. A property's status as of January 1 determines how it will be taxed for that particular year. Section 70.10, STATS.; *cf. Pabst Brewing Co. v. City of Milwaukee*, 125 Wis. 2d 437, 460-61, 373 N.W.2d 680, 692 (Ct. App. 1985). Accordingly, the tax exemption calculation should be viewed as of January 1 of each year. If Freedom Village modifies the land under a building or land convenient to that building, or additional changes occur, appropriate adjustments to the specific ten acres exempted ought to be made for the pertinent taxable year.

In sum, we conclude that the statutory language clearly directs that a simultaneous calculation occur in each taxable year. Accordingly, we will not look beyond the statute's language to determine legislative intent. *In re Jamie L.*, 172 Wis. 2d 218, 225, 493 N.W.2d 56, 59 (1992). Therefore, we reverse the judgment and remand to the trial court to enter a judgment directing

794

that the acreage calculation be performed according to the simultaneous method reflecting the status of the property as of January 1 of each taxable year.

### B.  Convenience Issue.

■

We also instruct the trial court to make factual findings regarding exactly what land is "necessary for the convenience" of each building or group of buildings. We offer the following guidance in that regard.

The City argues that *all* the land around each building is necessary for the convenience of that building. The City bases its argument on zoning laws, indicating that Freedom Village was required by zoning laws to provide a certain amount of land around each building, a certain amount of open spaces, and to comply with set-back requirements.[6] The City reasons that all of this land is convenient to each building because the development could not have been constructed without conforming to the zoning requirements. We do not agree with the City's analysis.

Although zoning laws may be one source to consider in determining exactly what land is necessary for each building's convenience, such laws are not the absolute authority on the issue, otherwise a municipality would consume tax-free acreage through zoning requirements.[7]

---

[6] The record reflects that at the time of this appeal, the total acreage was part of a general planned development, which was divided into three phases or three detailed planned developments.

[7] We also reject the City's claim that the Wisconsin Property Assessment Manual is the authority on exactly what land constitutes "land necessary for the convenience of a building." No deference is owed to the contents of the Manual on this issue

In determining what land is convenient to each particular building, the trial court should consider how "convenience" is commonly defined. As indicated in WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 497 (1976) and THE AMERICAN HERITAGE DICTIONARY 411 (3rd ed. 1992),[8] the common meaning of convenience as it would be used in the context of the statute is: *a condition favorable to achieving the function or purpose of a building or group of buildings.* Based on this definition, a strict adherence to the zoning regulations to define what land is convenient to each building may be inappropriate. Land for driveways, sidewalks and parking areas undoubtedly add to the comfort and advantage of living or working in a building at Freedom Village. Each is a favorable condition for those who frequent the buildings. But zoning-required setbacks, density requirements, landscaping, etc., may not necessarily exist for the convenience of living or working in a building, but rather for aesthetic purposes.

Accordingly, we instruct the trial court to consider these factors in making its factual determination

---

if the Manual's directives do not constitute the law. *Metropolitan Holding Co. v. Board of Review of Milwaukee,* 173 Wis. 2d 626, 632, 495 N.W.2d 314, 317 (1993).

We are unable to locate any controlling case law which indicates that setbacks, landscaping, and open spaces constitute land necessary for the convenience of a building.

[8] A court may look to recognized dictionaries to ascertain common and approved meanings of non-technical words. *Enpro Assessment Corp. v. Enpro Plus, Inc.,* 171 Wis. 2d 542, 546, 492 N.W.2d 325, 326-27 (Ct. App. 1992).

regarding exactly what land is necessary for the convenience of each building or group of buildings.[9]

*By the Court.*—Judgment reversed and cause remanded with instructions.

SCHUDSON, J. (*concurring*). I agree with the majority's conclusion on the calculation method issue, but I am concerned that the majority's brief commentary on the convenience issue will cause considerable confusion.

The majority "instruct[s] the trial court to consider these factors in making its factual determination regarding exactly what land is necessary for the convenience of each building or group of buildings." Majority op. at 796–97. Unfortunately, the majority fails to identify "these factors." Instead, the majority names three items—setbacks, density requirements, and landscaping—that are *not* necessary for convenience, and then adds "etc." to the list. This offers little if any guidance to trial courts.

Moreover, in commenting on whether zoning laws provide "absolute authority" "in determining exactly what land is necessary for each building's convenience," majority op. at 795, the majority offers analysis that is, at best, cursory and unclear.

---

[9] The majority recognizes that the "convenience" issue is not one that lends itself to a cut and dry test. The land that is convenient to any particular building may vary greatly. Accordingly, this court cannot set forth a definite factor test that must be applied in every instance. The majority has attempted, however, to offer guidance to the trial courts and to individuals that may be faced with determining what land is "convenient" to a building. If the author of the concurrence believes that the guidance offered by the majority is unclear and greater specificity is required, why not provide it within the concurrence?

The majority rejects the City's argument that land necessarily is "convenient" to a building if zoning laws require its use. The majority, however, fails to identify any flaw in the City's argument. If, for example, a zoning law requires a property owner to utilize certain land for a setback, then is not that land "convenient" to the building? Indeed, that setback would be essential to the very existence of the building because, under the zoning law, the property owner would not be allowed to construct the building unless he or she also "consumed" the land required for the setback. Thus, the City has offered a logical argument that although land *in addition to* the land required by zoning may *also* be "convenient" to a building, at a minimum, the land consumed by zoning requirements is "convenient" to a building.