KICKERS OF WISCONSIN, INC., a/k/a Milwaukee Kickers Soccer Club, Plaintiff-Appellant-Cross Respondent,

v.

CITY OF MILWAUKEE, Defendant-Respondent-Cross Appellant.

Court of Appeals

*No. 94–2140. Submitted on briefs August 1, 1995.—Decided October 17, 1995.*

(Also reported in 541 N.W.2d 193.)

For the plaintiff-appellant-cross respondent the cause was submitted on the briefs of *Foley & Lardner* with *Timothy C. Frautschi* and *Susan A. La Budde*, of Milwaukee.

For the defendant-respondent-cross appellant the cause was submitted on the briefs of *Grant F. Langley*, city attorney, and *Gregg C. Hagopian*, assistant city attorney, of Milwaukee.

Before Sullivan, Fine and Schudson, JJ.

SCHUDSON, J. The issue in this case is whether Kickers of Wisconsin, Inc., a youth soccer organization, qualifies as an "educational association" entitled to property tax exemption pursuant to § 70.11(4), STATS., which exempts up to ten acres of property owned and used by various educational, benevolent, and religious organizations. The trial court concluded, *inter alia*, that "the predominant purpose of [Kickers] is recreational" and, therefore, that Kickers was not an educational association entitled to the property tax exemption. We agree and affirm.

## I. BACKGROUND

Kickers is seeking an exemption for a ten-acre portion of a fifty-acre property in the City of Milwaukee. Kickers leases the property (with a purchase option) from the Robert A. Uihlein, Jr. 1976 Trust. Under the lease, Kickers has to pay the real estate taxes on the property. In 1992, the City reassessed the property and the real estate taxes increased substantially. Kickers paid the taxes under protest and sought a partial

refund of $56,795.45 from the City, arguing that it was entitled to a ten-acre tax exemption under § 70.11(4), STATS. Section 70.11(4), STATS., provides a general property tax exemption for:

> Property owned and used exclusively by *educational institutions offering regular courses six months in the year*; or by churches or religious, *educational or benevolent associations*, . . . but not exceeding 10 acres of land necessary for location and convenience of buildings while such property is not used for profit.

(Emphasis added.)

Kickers brought a motion for partial summary judgment claiming to be the beneficial owner of the property. The trial court granted Kickers's motion.[1] Following cross-motions for summary judgment on the remaining issues, however, the trial court further concluded:

> [T]he predominant purpose of [Kickers] is recreational so that, as a matter of law, (i) [Kickers] is not an educational institution, an educational association, or a benevolent association for purposes of Wis. Stat. § 70.11(4), and (ii) [Kickers] does not use the property primarily for educational or benevolent purposes within the meaning of Wis. Stat. § 70.11(4).

---

[1] The City, maintaining that the trust owned the property, cross-appealed on the beneficial ownership issue. Our resolution of the appeal, however, obviates the need to address this issue on cross-appeal. *See Gross v. Hoffman*, 227 Wis. 296, 300, 277 N.W. 663, 665 (1938) (only dispositive issue need be addressed).

Thus, the trial court concluded that Kickers was not entitled to the tax exemption and refund of the 1992 taxes.

## II. DISCUSSION

"When both parties move by cross-motions for summary judgment, it is 'the equivalent of a stipulation of facts permitting the trial court to decide the case on the legal issues.' " *Friendship Village v. City of Milwaukee*, 181 Wis. 2d 207, 219, 511 N.W.2d 345, 350 (Ct. App. 1993) (citation omitted) (*"Friendship I"*). We apply the same standards set forth in § 802.08, STATS., in reviewing the trial court's ruling on the summary judgment motions. *Id.* Whether an organization "is or is not an educational association is dependent upon a construction of the term 'educational association' under sec. 70.11(4), STATS. The issue is one of statutory construction and therefore is a question of law." *International Found. of Employee Benefit Plans v. City of Brookfield*, 95 Wis. 2d 444, 448, 290 N.W.2d 720, 722 (Ct. App. 1980), *aff'd,* 100 Wis. 2d 66, 301 N.W.2d 175 (1981). Therefore, because this case arose on cross-motions for summary judgment and involves interpretation and application of § 70.11(4), STATS., our review is *de novo. See Friendship I*, 181 Wis. 2d at 219, 511 N.W.2d at 350; *Waushara County v. Graf*, 166 Wis. 2d 442, 457, 480 N.W.2d 16, 22 (1992).

In considering whether Kickers is entitled to an exemption under § 70.11(4), STATS., we are guided by certain principles:

> Taxation is the rule and exemption from taxation is the exception. Tax exemption statutes are matters of legislative grace and are to be strictly

679

construed against the granting of an exemption. A strict construction does not mean the narrowest possible reading, however. Rather, the statute should be construed in a "strict but reasonable" manner. The party claiming the exemption must show the property is clearly within the terms of the exception and any doubts are resolved in favor of taxability.

*Trustees of Indiana Univ. v. Town of Rhine*, 170 Wis. 2d 293, 299, 488 N.W.2d 128, 130 (Ct. App. 1992) (citations omitted). Further, " '[a]n exemption from taxation must be clear and express. All presumptions are against it, and it should not be extended by implication.' " *Janesville Community Day Care Ctr., Inc. v. Spoden*, 126 Wis. 2d 231, 233, 376 N.W.2d 78, 80 (Ct. App. 1985) (citation omitted). Finally, "the burden of proving an entitlement to a tax exemption is on the party seeking the exemption." *Friendship I*, 181 Wis. 2d at 219, 511 N.W.2d at 350.

To qualify for property tax exemption under § 70.11(4), STATS., a taxpayer must satisfy five criteria. Tailored to this case, they are:

(1) Kickers must be an "educational association";
(2) Kickers must own and use the property exclusively for the purposes of the association;
(3) the property must be less than ten acres;
(4) the property for which the exemption is sought must be "necessary for convenience and location of buildings";
(5) the property must not be used for profit.

*See Janesville Community Day Care*, 126 Wis. 2d at 235, 376 N.W.2d at 81. We conclude that Kickers does not qualify as an "educational association."[2]

A two-step test determines whether Kickers is an "educational association":

> (1) The organization and its property must be substantially and primarily devoted to educational purposes; and (2) the organization's educational activities must be "traditional," in the sense that their benefits are in the general public interest and are available to an indefinite class.

*Id.* at 236, 376 N.W.2d at 81. Therefore, to determine whether Kickers qualifies for the tax exemption, we first consider whether its property "is substantially and primarily devoted to educational purposes." "[W]e must look to the facts *ab initio* to determine whether the primary use . . . comes within the compass of what the legislature has denominated as an educational association." *International Found.*, 95 Wis. 2d at 448, 290 N.W.2d at 722.

---

[2] Although Kickers "claims that it triply qualifies for one ten acre exemption as an 'educational *institution*,' an 'educational *association*,' and/or as a 'benevolent association,'" Kickers fails to specifically support its argument with reference to a benevolent association. Further, Kickers concedes that the threshold for qualifying as an educational association is lower than that for qualifying as an educational institution. Thus, Kickers does not argue in any context other than as an "educational association" and, accordingly, we do not address other classifications under § 70.11(4), STATS. Additionally, because we conclude that Kickers is not an educational association whose property is used exclusively or primarily for educational purposes, we do not decide whether Kickers would have satisfied the other four criteria articulated in *Janesville Community Day Care*. *See Gross*, 227 Wis. at 300, 277 N.W. at 665.

681

According to its summary judgment submissions, Kickers's programs are substantially and primarily devoted to teaching children to play soccer and conducting competitive soccer leagues. In conjunction with those activities, Kickers also conducts training programs for coaches and referees. In support of its argument that it is an educational association, Kickers points to its mission statement, which declares that its goal is "to develop the physical, mental and emotional growth and fitness of American youth and adults through the sport of soccer at all levels of age and competition." Kickers purports to accomplish its mission "through encouraging and educati[ng] young people and their coaches in the following respects:

1. To provide each player with opportunities to improve individual soccer skills.
2. To encourage all players to give their best.
3. To develop programs that promote expertise in coaching and refereeing.
4. To emphasize family participation.
5. To stress soccer as a team sport.
6. To secure the best available competition.
7. To demand good sportsmanship by players, coaches, and spectators.
8. To instill knowledge and enjoyment of the game of soccer.
9. To help club members use their talents as soccer players in educational pursuits through arrangements and assistance for grants and scholarship."[3]

---

[3] In determining whether an organization's primary purpose is educational, "its declared object cannot be controlling. What it actually does must also be scrutinized." *Janesville Community Day Care*, 126 Wis. 2d at 237, 376 N.W.2d at 81. In this

The importance of sports and athletic competition in building character, teaching skills and values, and fostering the healthy growth and development of children is beyond question. The activities that Kickers provides for children are outstanding and truly treasured by many families throughout the Milwaukee area. Further, it is beyond dispute that such activities do indeed carry important educational values in many ways. The fact that the educational values flow from "physical education" does not necessarily disqualify an organization from the tax exemption. *See Trustees of Indiana Univ.*, 170 Wis. 2d at 304-305, 488 N.W.2d at 132 (summer training camp used for university physical education majors qualifies where, among other activities, university faculty teach required courses). Nevertheless, even as measured by Kickers's own summary judgment submissions describing its programs, Kickers is "substantially and primarily devoted to" recreational purposes.

Kickers points to *Janesville Community Day Care*, arguing that the day care center involved in that case was deemed an educational association "even though a substantial part of the day was devoted to merely custodial care such as feeding, napping and playing." Concluding, however, that the primary purpose of the day care center was educational, *Janesville Community Day Care*, 126 Wis. 2d at 239, 376 N.W.2d at 82, we noted that, in addition to "physical care, supervision and feeding of the children," the day care center made "daily use of a structured instructional curriculum and specific programs, . . . includ[ing] language and cognitive development, music, nature study, basic math and social and physical development." *Id.* at 237-238 & n.4,

---

case, however, we accept Kickers's mission statement as an accurate summary of its purposes and its actual activities.

683

376 N.W.2d 81-82 & n.4. The center contained a "number of classrooms and 'learning center' stations for the children's independent activities." *Id.* at 238, 376 N.W.2d at 82. Here, by contrast, Kickers has failed to establish that the *primary* purpose and use of the property is educational.[4]

Kickers also contends that it qualifies as an educational association because it provides carefully

---

[4] Further, if one considers whether Kickers meets the requirement that it offer educational activity that " 'benefits the general public directly and . . . in some way lessen[s] the burdens of government,' " *Janesville Community Day Care*, 126 Wis. 2d at 240-241, 376 N.W.2d at 83 (citation omitted), additional contrasting factors emerge. In *Janesville Community Day Care*, the day care center satisfied this requirement because, among other reasons, it offered speech therapy, vision and hearing tests, special programs tailored to "gifted" children and children with special needs, and its programs were coordinated with the community's public schools to assure proper placement of special needs children. The center also offered testimony that "children with diverse and challenging preschool experiences and education are better developed physically, socially and cognitively upon reaching grade school," which translated into "reduced burdens on the public school by eliminating the need in many instances for counseling, testing, and speech therapy, and by increasing the likelihood of the pupils' academic success." *Id.* Thus, the day care center directly assumed specific functions that the public schools otherwise would have had to have provided. Although Kickers argues that it donates some equipment and field time to the Milwaukee public schools, that it participates in the Milwaukee public school drug awareness programs, and that it "teaches and reinforces the same values and skills taught" in the schools, Kickers has not established that its contributions provide what ordinarily would be provided by government such that the burdens on government are lessened. *See Trustees of Indiana Univ.*, 170 Wis. 2d at 302-303, 488 N.W.2d at 131.

structured programs comparable to those that the Wisconsin Department of Public Instruction requires of public school physical education programs. Although Kickers's programs may be of such quality, and although that may further support Kickers's undisputed claim to educational value for its programs, that does not qualify Kickers as an educational association any more than a school's physical education department, independent of the school's other programs and academic curriculum, would necessarily qualify as an education association. Here, we must remember, the question is not whether Kickers's programs have educational value comparable to that of a public school physical education program, but, rather, whether "[t]he organization and its property" are "substantially and primarily devoted to educational purposes." *Janesville Community Day Care*, 126 Wis. 2d at 236, 376 N.W.2d at 81.

We acknowledge that the distinction between recreation and education may not always be certain and clear. We appreciate that this case presents a relatively "close call" in determining whether Kickers is "substantially and primarily devoted to educational purposes." Nevertheless, while spectators might have

---

In this regard, we also note the understandable concern expressed in the *amicus curiae* brief of the League of Wisconsin Municipalities:

> If Kickers and similar organizations whose primary purpose is to provide *after-school* opportunities for children to play recreational sports . . . are permitted to remove their properties from the tax rolls, the affected municipalities and school districts will necessarily suffer an erosion in their tax bases. School districts—which, by law, must provide a *complete* education to the same children—will suffer the most.

(Emphasis in original.)

doubts about Kickers's request for exemption, the referees decide according to clear rules:

> [Exemption] statutes conferring special privileges and in derogation of the sovereignty exercised over other property are to be strictly construed. If the meaning of such statute is fairly ambiguous or uncertain as to a specific piece of property or owner, *it is the duty of courts to resolve the doubt in favor of the taxability of the property*. It is for the legislature to grant these special privileges, and it has always been held that courts will proceed upon the assumption that whatever the legislature intends to exempt will be expressed in such clear language as to leave no doubt, and that *what has been left doubtful is not intended to be exempted*.

*Katzer v. City of Milwaukee*, 104 Wis. 16, 21, 79 N.W. 745, 746 (1899) (citations omitted; emphasis added).[5]

Thus, here, as on a soccer field, those who must referee the close calls have "the duty" to do so by the rules. *"The party claiming the exemption must show the property is clearly within the terms of the exception and any doubts are resolved in favor of taxability." Trustees of Indiana Univ.*, 170 Wis. 2d at 299, 488 N.W.2d at 130 (emphasis added). Because Kickers failed to establish that its property is "clearly within" the exception for property of organizations "substantially and primarily

---

[5] Our resolution of the legal issue in this case does not suggest any view that, as a matter of legislative policy, it would be inappropriate to grant Kickers an exemption. We do note, however, that while the legislature has specifically granted tax exemptions to numerous organizations including nonprofit youth hockey associations, *see* § 70.11(32) STATS., it specifically declined to pass 1991 Assembly Bill 224, which was a legislative proposal to exempt up to sixty acres of land owned or leased by nonprofit youth soccer associations.

devoted to educational purposes," Kickers does not qualify as an "educational association" under § 70.11(4), STATS. Therefore, we conclude that the trial court correctly granted summary judgment to the City.

*By the Court.*—Judgment affirmed.

FINE, J. (*dissenting*). In my view, the uncontroverted evidentiary submissions establish without a doubt that the Kickers of Wisconsin, Inc., is an "educational association" as that term is used in § 70.11(4), STATS. *See Trustees of Indiana Univ. v. Town of Rhine*, 170 Wis. 2d 293, 302–304, 488 N.W.2d 128, 131–132 (Ct. App. 1992); *Janesville Community Day Care Ctr., Inc. v. Spoden*, 126 Wis. 2d 231, 236–241, 376 N.W.2d 78, 81–83 (Ct. App. 1985). It is settled that "educational" is not limited to " 'formal academic curricula.' " *Trustees of Indiana Univ.*, 170 Wis. 2d at 302, 488 N.W.2d at 131. (Citation omitted.) The Kickers have an admirable record of teaching our state's youngsters not only the principles of soccer, but, more significantly, the principles of sportsmanship, teamwork, and life. In my view, this is not a "relatively 'close call,' " as the Majority believes. Majority op. at 685.

Although I conclude that the Kickers is an "educational association" under § 70.11(4), STATS., I am uncertain whether, on this record, the property for which the exemption is sought is "necessary for convenience and location of buildings," as is also required by § 70.11(4), and would hear oral argument on that issue.