DEUTSCHES LAND, INC., Plaintiff-Respondent,†

v.

CITY OF GLENDALE, Defendant-Appellant.

Court of Appeals

*No. 96–2489. Submitted on briefs November 4, 1997.—Decided December 9, 1997.*

(Also reported in 573 N.W.2d 535.)

†Petition to review granted.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *John F. Fuchs*, city attorney, and *Alan Marcuvitz* and *Robert L. Gordon* of *Weiss, Berzowski, Brady & Donahue*, of Milwaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the briefs of *Hugh R. Braun* and *Jane F. Carrig* of *Godfrey, Braun & Hayes*, of Milwaukee.

Amicus Curiae brief was filed by *Curtis A. Witynski* of Madison for the League of Wisconsin Municipalities.

Before Fine, Schudson and Curley, JJ.

FINE, J.   The City of Glendale appeals from a judgment, entered after a bench trial, declaring that certain real property owned by Deutsches Land, Inc., was either wholly or partially exempt from taxes pursuant to § 70.11(4) and 70.11(8), STATS., for the years 1993, 1994, and 1995.[1] We reverse.

Deutsches Land, a non-stock, non-profit corporation, owns property in Glendale on behalf of five other non-stock, non-profit cultural corporations that are devoted to the advancement of German culture: dancing, singing, camaraderie, and soccer. The five non-stock, non-profit corporations are the sole shareholders in a for-profit corporation, Bavarian Waldhaus Inn, Inc., which operates the Bavarian Inn, a for-profit restaurant, bar, and banquet facility on the property. Another related non-stock, non-profit corporation, United German Societies, coordinates the activities of the five cultural corporations, and operates two annual public festivals on the property, Oktoberfest and Volkfest.

Although the property, approximately fourteen acres, has never been subdivided, Deutsches Land and the other related corporations treat it as four separate lots: Lots 1 and 4, comprising approximately 5.6 acres, contain small soccer-practice fields as well as a full-sized soccer field; Lot 2, comprising approximately four acres, holds the Bavarian Inn and connected parking lot; Lot 3, comprising approximately 4.4 acres, is Old Heidelberg Park and has a large (12,000 square feet) banquet hall as well as various other support buildings. The Bavarian Inn is a 15,000 square-foot

---

[1] An *amicus curiae* brief has been filed by the League of Wisconsin Municipalities urging reversal.

building that is open to the public and, as noted, is generally run as a profit-making enterprise, although it is also used by members of the five non-stock, non-profit cultural corporations. The Bavarian Inn is leased to the for-profit corporation, Bavarian Waldhaus, which, as seen, operates the facility. Bavarian Waldhaus also leases Old Heidelberg Park from Deutsches Land, and uses the Park as an extension of the for-profit food and beverage business it runs from the adjoining Bavarian Inn. United German Societies pays rent to Deutsches Land for its use of Old Heidelberg Park as a venue for its annual Oktoberfest and Volkfest festivals.

The statute governing this appeal is § 70.11, STATS. It provides, as material here:

> The property described in this section is exempted from general property taxes. Leasing a part of the property described in this section does not render it taxable if the lessor uses all of the leasehold income for maintenance of the leased property, construction debt retirement of the leased property or both and if the lessee would be exempt from taxation under this chapter if it owned the property. Any lessor who claims that leased property is exempt from taxation under this chapter shall, upon request by the tax assessor, provide records relating to the lessor's use of the income from the leased property. Property exempted from general property taxes is:
>
> . . . .
>
> (4) EDUCATIONAL, RELIGIOUS AND BENEVOLENT INSTITUTIONS; WOMEN'S CLUBS; HISTORICAL SOCIETIES; FRATERNITIES; LIBRARIES. Property owned and used exclusively by. . .benevolent associations. . .but not exceeding 10 acres of land necessary for location and convenience of buildings while such property is

not used for profit. . . .Property that is exempt from taxation under this subsection and is leased remains exempt from taxation only if, in addition to the requirements specified in the introductory phrase of this section, the lessee does not discriminate on the basis of race.

. . . .

(8) TAXED IN PART. Property that is exempt under this section and that is used in part in a trade or business for which the owner of the property is subject to taxation under sections 511 to 515 of the internal revenue code, as defined in s. 71.22 (4m), shall be assessed for taxation at that portion of the fair market value of the property that is attributable to the part of the property that is used in the unrelated trade or business. This subsection does not apply to property that is leased by an exempt organization to another person or to property that is exempt under sub. (34).

Both parties recognize, and the trial court found, that Deutsches Land and the five non-stock, non-profit corporations that are devoted to the advancement of German culture are "benevolent associations" as that term is used in § 70.11(4), STATS. Glendale argues, however, that the property is not used "exclusively" by them and that this is a prerequisite to tax exemption under the statute. The trial court did not address this issue.

Statutory analysis begins with an examination of the language of the statute itself to determine whether the language is clear or ambiguous. *De Bruin v. State,* 140 Wis. 2d 631, 635, 412 N.W.2d 130, 131 (Ct. App. 1987). If the language of a statute is clear, we must give effect to the plain meaning. *DNR v. Wisconsin Power &*

*Light Co.,* 108 Wis. 2d 403, 407–408, 321 N.W.2d 286, 288 (1982). Moreover, "[a] statute should be construed so that no word or clause shall be rendered surplusage and every word if possible should be given effect." *Donaldson v. State,* 93 Wis. 2d 306, 315, 286 N.W.2d 817, 821 (1980). Our review is *de novo. Kickers of Wisconsin, Inc. v. City of Milwaukee,* 197 Wis. 2d 675, 679, 541 N.W.2d 193, 195 (Ct. App. 1995). The trial court's findings of fact, however, may not be overturned or ignored on appeal unless they are "clearly erroneous." RULE 805.17(2), STATS.

■

Section 70.11(4), STATS., requires as a condition to the tax exemption it grants to "benevolent associations" that the property be "used exclusively by" those benevolent associations and not for profit. *Milwaukee Protestant Home for the Aged v. City of Milwaukee,* 41 Wis. 2d 284, 293, 164 N.W.2d 289, 293 (1969). This condition is not ambiguous: the term "exclusively" brooks no exceptions. The trial court did not address the "exclusivity" issue, however. It merely found that "Deutsches Land has demonstrated that Lots 1, 3 and 4 are used for non-profit purposes of the association; Lots 1 and 4 for soccer, Lot 3 for festivals, picnics and ceremonies in Old Heidelberg Park." The trial court also found that the Bavarian Inn, Lot 2, was not "totally exempt" because it is leased to Bavarian Waldhaus, a for-profit corporation. The trial court applied a twenty-five percent tax exemption to Lot 2.

Both the Bavarian Inn (Lot 2) and Old Heidelberg Park (Lot 3) are used by members of the public, who pay for that privilege. There is no dispute about this. The money collected from members of the public is paid to the for-profit corporation, Bavarian Waldhaus. There is also no dispute about this. Thus, neither Lot 2

nor Lot 3 is "used exclusively by. . .benevolent associations," as is required by § 70.11(4), STATS.

Contrary to Deutsches Land's argument, § 70.11(8), STATS., does not permit the tax-exemption apportionment as to the Bavarian Inn made by the trial court. First, by its own terms, § 70.11(8) "does not apply to property that is leased by an exempt organization to another person." Both the Bavarian Inn and Old Heidelberg Park are leased to Bavarian Waldhaus, the for-profit corporation. Second, the preamble to § 70.11, STATS., specifically requires as a precondition to the exemption of leased property that the lessee "be exempt from taxation under this chapter if it owned the property." Bavarian Waldhaus would not be exempt from taxation if it owned the property. Lots 2 and 3 are not exempt from taxation under § 70.11.

In *Kickers of Wisconsin*, we determined that fields used for recreational soccer did not qualify for tax exemption under § 70.11(4), STATS.[2] The trial court did not address the applicability of *Kickers of Wisconsin* to whether the soccer fields here (Lots 1 and 4) are entitled to an exemption under that subsection. Not surprisingly, the parties disagree on whether *Kickers of Wisconsin* controls this case. Deutsches Land argues that the soccer activities advance the benevolent

---

[2] The exemption in *Kickers of Wisconsin* was sought under the "educational association" provision of § 70.11(4), STATS. *Kickers of Wisconsin, Inc. v. City of Milwaukee*, 197 Wis. 2d 675, 680–681, 541 N.W.2d 193, 195 (Ct. App. 1995). Insofar as material to *Kickers of Wisconsin*, § 70.11(4) grants a tax exemption for: "Property owned and used exclusively by. . .educational. . .associations."

purposes of itself and the five cultural non-stock, non-profit corporations. Glendale argues that the soccer activities are merely recreational.[3] We do not have to resolve this issue in the context of this case, however, because the exemption to land granted by § 70.11(4) extends only to that "land *necessary for location and convenience of buildings* while such property is not used for profit." (Emphasis added.) There is no evidence in this record that Lots 1 and 4, the soccer fields, are "necessary for location and convenience" for any building that is exempt from taxation under § 70.11(4). *See Friendship Village of Greater Milwaukee, Inc. v. City of Milwaukee*, 194 Wis. 2d 787, 796, 535 N.W.2d 111, 115 (Ct. App. 1995) ("convenience" as used in § 70.11(4) connotes "a condition favorable to achieving the function or purpose of a building or group of buildings") (emphasis omitted).[4] Lots 1 and 4 are not exempt from taxation under § 70.11.

---

[3] The trial court's written decision recites:

> One cannot seriously challenge the fact that a soccer club involving hundreds of Germanic adults and children requires a building in order to carry on its announced and actual purposes under the aegis of these benevolent societies. All this for the benefit not only of the societies and maintenance of German tradition, but the community as well.

The City of Glendale disputes this, pointing to uncontested evidence in the record that the soccer fields were used by those who are not members of the various German-culture societies involved in this case.

[4] Deutsches Land has it backwards when it argues that the buildings serve the convenience of the members of the cultural corporations who use the soccer fields for, as found by the trial court, "dancing, singing, soccer and related activities of an ethnic and benevolent nature." Under § 70.11(4), STATS., the

*By the Court.*—Judgment reversed.

land must be for the convenience *of the buildings*, not the reverse.