# 2021 WI App 86

# COURT OF APPEALS OF WISCONSIN
## PUBLISHED OPINION

Case No.:        2020AP1683

† Petition for Review filed

Complete Title of Case:

### CITATION PARTNERS, LLC,

#### PETITIONER-RESPONDENT,†

#### V.

### WISCONSIN DEPARTMENT OF REVENUE,

#### RESPONDENT-APPELLANT.

| | |
|---|---|
| Opinion Filed: | November 23, 2021 |
| Submitted on Briefs: | June 9, 2021 |
| Oral Argument: | |

| | |
|---|---|
| JUDGES: | Donald, P.J., Dugan and White, JJ. |
| Concurred: | |
| Dissented: | |

| | |
|---|---|
| Appellant ATTORNEYS: | On behalf of the respondent-appellant, the cause was submitted on the brief of *Anthony D. Russomanno*, assistant attorney general, and *Joshua L. Kaul*, attorney general. |
| Respondent ATTORNEYS: | On behalf of the petitioner-respondent, the cause was submitted on the brief of *Frederic J. Brouner, Megan A. Senatori*, and *J. Wesley Webendorfer* of *DeWitt LLP* of Madison. |

**COURT OF APPEALS**
**DECISION**
**DATED AND FILED**

**November 23, 2021**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

**This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.**

**A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals.** *See* **WIS. STAT. § 808.10 and RULE 809.62.**

| | |
|---|---|
| **Appeal No.    2020AP1683** | **Cir. Ct. No.  2019CV612** |
| **STATE OF WISCONSIN** | **IN COURT OF APPEALS** |

CITATION PARTNERS, LLC,

      PETITIONER-RESPONDENT,

  V.

WISCONSIN DEPARTMENT OF REVENUE,

      RESPONDENT-APPELLANT.

APPEAL from orders of the circuit court for Dodge County: MARTIN J. DeVRIES, Judge. *Reversed and cause remanded with directions.*

Before Donald, P.J., Dugan and White, JJ.

¶1 DONALD, P.J.  Citation Partners, LLC is in the business of leasing aircraft. At issue in this case is whether the total amount paid for an aircraft lease is subject to sales tax, or, if portions of a lease payment attributed to aircraft maintenance and engine maintenance are statutorily exempt from sales tax. The

Tax Appeals Commission agreed with the Wisconsin Department of Revenue that sales tax applies to the total amount paid on a lease. The circuit court, however, reversed the Commission's decision and found that portions of a lease payment for aircraft maintenance and engine maintenance are exempt from sales tax.

¶2 As discussed below, based on the plain language of the statutes and the particular facts of this case, we conclude that the total amount paid on a lease is subject to sales tax without any deductions for aircraft maintenance or engine maintenance. Sales tax cannot be avoided by dividing up a lease price into categories or affixing labels. We therefore reverse the circuit court's orders and remand with instructions to affirm the Commission's decision.

## BACKGROUND

### *Stipulated Facts*[1]

¶3 Citation Partners owns a Cessna Citation aircraft which it leases to related parties as well as to unrelated third parties (collectively, the "Lessees") pursuant to an Aircraft Dry Lease. The Dry Lease requires Citation Partners to schedule and pay for all repairs and maintenance, and in turn, requires the Lessees to "reimburse" Citations Partners for their share of those costs. In addition to the Dry Lease, each Lessee also executes a Side Agreement, which details the rates the Lessees pay to Citation Partners.

---

[1] The parties stipulated to the following relevant facts before the Tax Appeals Commission.

¶4 On July 1, 2014, Wisconsin Act 185 took effect. Act 185 exempts from sales tax various "types of services," including the repair, service, and maintenance of any aircraft or aircraft parts, and "the sale of" parts used to modify or repair aircraft. 2013 Wis. Act 185, §§ 1, 3; *see also* WIS. STAT. §§ 77.52(2)(a)10., 77.54(5)(a)3. (2019-20).[2]

¶5 Prior to Act 185, Citation Partners collected sales tax on the entire lease price of the aircraft, including aircraft maintenance and engine maintenance costs. After Act 185 took effect, beginning in November 2014, Citation Partners no longer collected sales tax on the portion of the Lessees' payments attributed to aircraft maintenance and engine maintenance. Citation Partners also changed its invoicing procedures so that both aircraft maintenance and engine maintenance costs were specifically identified.[3] In addition, Citation Partners applied to the Department for a refund of the sales tax collected for aircraft maintenance and engine maintenance between July 1, 2014 and October 31, 2014, which was granted.[4]

¶6 Subsequently, the Department conducted a field audit of Citation Partners. Following the field audit, the Department issued a tax assessment, which included, but was not limited to, the sales tax that was not collected for aircraft maintenance and engine maintenance costs from November 1, 2014, through

---

[2] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

[3] Previously, only the engine maintenance costs were specifically identified.

[4] Citation Partners issued credit memos to all Lessees to reflect the refund from the Department.

December 31, 2015. The assessment also sought to recover the amounts previously refunded.

¶7 Citation Partners filed a petition for redetermination of the assessment, which the Department denied.

*Tax Appeals Commission Decision*

¶8 Citation Partners sought administrative review by the Tax Appeals Commission.

¶9 On December 4, 2019, the Commission issued a decision affirming the Department's decision. The Commission first found that the Lessees' payments to Citation Partners for repairs and maintenance were not "reimbursements." Rather, Citation Partners was "expressly responsible for the repairs and maintenance."

¶10 The Commission next turned to the language of the sales tax statutes, WIS. STAT. §§ 77.52(1)(a), 77.51(15b)(a). The Commission stated that "tax is levied upon the sales price of the lease" and "[s]ales price is defined as the 'full consideration' for which tangible property is leased, with no deduction for costs or other expenses of the seller."

¶11 The Commission concluded that the "full amount charged and paid to [Citation Partners] by its Lessees" is subject to sales tax. The Commission stated that "[w]hile Act 185 may apply to [Citation Partner's] purchase of aircraft maintenance services and repair parts, it does not apply to any portion of the subsequent lease payments to [Citation Partners] from its Lessees." The Commission explained that "[s]ales price is the total consideration received without any reduction for such expenses of the seller" and "[t]he cost of maintenance

services and repair parts is an expense of the seller which is not to be deducted from the 'sales price' of the leases."

*Circuit Court Decision*

¶12    Citation Partners filed a petition for WIS. STAT. ch. 227 judicial review of the Commission's decision in the Dodge County Circuit Court.

¶13    On August 20, 2020, the circuit court reversed the Commission. In a written decision, the circuit court found that the "reimbursements" for engine maintenance and aircraft maintenance made to Citation Partners by the Lessees between July 1, 2014, and December 31, 2015, were exempt from sales tax. The court found that Citation Partners was an "agent" for its Lessees when it purchased repairs, maintenance, and parts for the aircraft, thus, Citation Partners was entitled to a sales tax exemption. In addition, the court stated that the legislative history supported an exemption because the "intent was to not tax aircraft repairs, maintenance and parts sales[.]"

¶14    A supplemental order was entered on September 21, 2020 reiterating that the Commission's ruling was reversed. The order also added that the Department's sales tax assessment against Citation Partners was set aside and abated. The Department appeals.

**DISCUSSION**

¶15    On appeal, the Department argues that Citation Partners was required to collect sales tax on the total amount paid on an aircraft lease without any deductions. Citation Partners responds that any payments for engine maintenance and aircraft maintenance are exempt from sales tax. The resolution of this issue requires us to interpret and apply Wisconsin's sales tax law. We first discuss the

5

general principles of statutory interpretation and the applicable standard of review. We then turn to the specific statutes at issue and conclude that under the particular facts of this case the portions of a lease payment for engine maintenance and aircraft maintenance are not exempt from sales tax based on the plain language of the statutes.

## A. Principles of Statutory Interpretation and Standard of Review

¶16    "Statutory language is given its common, ordinary, and accepted meaning, except that technical or specially-defined words or phrases are given their technical or special definitional meaning." *State ex rel. Kalal v. Circuit Ct. for Dane Cnty.*, 2004 WI 58, ¶45, 271 Wis. 2d 633, 681 N.W.2d 110.  We interpret statutory language "in the context in which it is used; not in isolation but as part of a whole; in relation to the language of surrounding or closely-related statutes; and reasonably, to avoid absurd or unreasonable results." *Id.*, ¶46.  If the meaning of a statute is plain, we ordinarily stop our inquiry and apply the words chosen by the legislature. *Id.*, ¶45.

¶17    "In an appeal following a decision of the Tax Appeals Commission, we review the Commission's decision, not the circuit court's." *Arty's, LLC v. DOR*, 2018 WI App 64, ¶13, 384 Wis. 2d 320, 919 N.W.2d 590 (citation omitted). Statutory interpretation presents a question of a law. *Healthcare Servs. Grp., Inc. v. DOR*, 2018 WI App 48, ¶10, 383 Wis. 2d 699, 916 N.W.2d 635.  An administrative agency's conclusions of law are reviewed *de novo*. *Tetra Tech EC, Inc. v. DOR*, 2018 WI 75, ¶84, 382 Wis. 2d 496, 914 N.W.2d 21.

¶18    However, "[a]s 'a matter of persuasion, not deference,' we … give 'respectful,' 'due weight' consideration to 'the experience, technical competence, and specialized knowledge of the agency involved, as well as discretionary authority

conferred upon it,' because 'administrative agencies can sometimes bring unique insights to the matters for which they are responsible.'" *Arty's*, 384 Wis. 2d 320, ¶13 n.5 (citations omitted).

¶19 The Department asserts that its views and the Commission's views of sales tax law "should be given appropriate respect." The Department notes that it "exercise[s] general supervision over the administration of the assessment and tax laws of the state." *See* WIS. STAT. § 73.03(1). Additionally, the Department states that the Commission is "the final authority for the hearing and determination of all questions of law and fact on relevant tax issues at the administrative level." *See* WIS. STAT. § 73.01(4)(a).

¶20 In contrast, Citation Partners argues that we should not give the Department's or the Commission's perspective "any special persuasive value." Citation Partners suggests that "the Department has not pointed to any specific experience or expertise that either it or the Commission possesses regarding … the sales tax exemption created by Act 185[.]"

¶21 We agree with Citation Partners regarding the standard of review. "If an agency brings to court nothing but a rote recitation of its background with the subject matter, it should not expect the statutory directive to give its argument extra heft." *Tetra Tech EC*, 382 Wis. 2d 496, ¶79. Accordingly, we review the Commission's decision *de novo*.

### B. Wisconsin's Sales Tax Law

¶22 Wisconsin's sales tax law is set forth in WIS. STAT. ch. 77. WISCONSIN STAT. § 77.52(1)(a) provides that the lease of tangible personal property, such as an aircraft,[5] is subject to a five percent sales tax:

> For the privilege of selling, licensing, leasing or renting tangible personal property at retail a tax is imposed upon all retailers at the rate of 5 percent of the sales price from the sale, license, lease or rental of tangible personal property sold, licensed, leased or rented at retail in this state, as determined under s. 77.522.

¶23 The five percent sales tax applies to the "sales price" of a lease. WIS. STAT. § 77.52(1)(a). "Sales price" is defined as the "total amount of consideration" for which the property is leased. WIS. STAT. § 77.51(15b)(a). There is not any deduction from the sales price for the following:

> 1. *The seller's cost of the property or items*, property, or goods under s. 77.52(1) (b), (c), or (d) sold.
>
> 2. *The cost of materials used, labor or service cost*, interest, losses, all costs of transportation to the seller, all taxes imposed on the seller, except as provided in par. (b) 3m. and 3s., *and any other expense of the seller*.

Sec. 77.51(15b)(a)1.-2. (emphasis added). Thus, the plain language of the statutes provides that a five percent sales tax is applied to the "total amount of consideration" received without any deduction for costs or expenses.

¶24 Accordingly, here, sales tax applies to the total amount paid on an aircraft lease. There is not any deduction for the portions of a lease attributed to

---

[5] Citation Partners does not dispute that an aircraft constitutes tangible personal property. Further, such an argument would lack merit. A "retailer" in WIS. STAT. § 77.52 includes anyone "making any retail sale of a[n] … aircraft[.] WIS. STAT. § 77.51(13)(am). A retail sale means any lease. WIS. STAT. § 77.51(13rm).

aircraft maintenance or engine maintenance, which are the costs and expenses of running an aircraft leasing business. Citation Partners cannot avoid taxation by dividing up its lease price into categories and affixing labels. *See generally Milwaukee Gas Light Co. v. Wisconsin Dep't of Tax'n*, 23 Wis. 2d 195, 205, 127 N.W.2d 64 (1964) (stating that "labels do not and should not determine" taxability for the purposes of state income). If this were the case, parties could avoid taxation by merely changing how they labeled their transactions.

¶25    Citation Partners argues that the Lessees' payments for aircraft maintenance and engine maintenance are not included in the sales price of a lease because Citation Partners received "no benefit and no profit" from the payments. However, as the Department asserts, Citation Partners did receive "a benefit: it maintains its aircraft so that it can lease it[.]" Moreover, nothing in the statutes states that sales tax is only assessed against a "profit." As stated above, the statutes expressly provide that sales tax applies to the "total amount of consideration" for which an aircraft is leased without any deduction for costs and expenses. *See* WIS. STAT. §§ 77.51(15b)(a).

### C. Act 185 Exemptions

¶26    Citation Partners argues that Act 185 exempts the Lessees' payments for engine maintenance and aircraft maintenance from sales tax. Again, we disagree.

¶27    "Tax exemption statutes are strictly construed against granting an exemption." *Southwest Airlines Co. v. DOR*, 2021 WI 54, ¶24, 397 Wis. 2d 431, 960 N.W.2d 384. "A strict construction, however, does not mean we give the statute the narrowest possible reading or an unreasonable construction." *Covenant Healthcare Sys., Inc. v. City of Wauwatosa*, 2011 WI 80, ¶22, 336 Wis. 2d 522,

800 N.W.2d 906. "[W]e apply a 'strict but reasonable' interpretation to tax exemption statutes." *Id.* (citation omitted). The party seeking an exemption bears the burden of proving its entitlement and any ambiguity is resolved in favor of taxation. *Columbus Park Hous. Corp. v. City of Kenosha*, 2003 WI 143, ¶11, 267 Wis. 2d 59, 671 N.W.2d 633.

¶28 Based on these principles, we are not persuaded by Citation Partners' argument. "Reading a statute 'strictly but reasonably' … does not allow us to read language into [a] statute that is not present." *Southwest Airlines*, 397 Wis. 2d 431, ¶27.

¶29 Wisconsin Act 185 amended WIS. STAT. § 77.52(2)(a)10. *See* 2013 Wis. Act 185, § 1. Section 77.52(2)(a)10., as amended, exempts certain "types of services" from sales tax:

> (2)(a) The tax imposed herein applies to the following types of services:
>
> ….
>
> 10. Except for the repair, service, alteration, fitting, cleaning, painting, coating, towing, inspection, and maintenance of any aircraft or aircraft parts ….

This section does not exempt a lease from sales tax.

¶30 Wisconsin Act 185 also recreated WIS. STAT. § 77.54(5)(a)3. *See* 2013 Wis. Act 185, § 3. Section 77.54(5)(a)3. exempts the "sale of" parts used to modify or repair aircraft from sales tax:

> There are exempted from the taxes imposed by this subchapter:
>
> ….
>
> (5) The sales price from the sale of and the storage, use or other consumption of:

.…

(a)3. Parts used to modify or repair aircraft.

Once again, this section does not exempt a lease from sales tax.

¶31     Thus, we conclude that Citation Partners has failed to show that it is "clearly" entitled to an exemption. *See Southwest Airlines*, 397 Wis. 2d 431, ¶26. While the direct purchase of a repair or maintenance service or of an aircraft part may qualify for a sales tax exemption, leases are not exempt from sales tax under the statutes. It would be error for us to read into the statutes an exemption that the legislature did not include. *Id.*, ¶29.

¶32     In addition, Citation Partners argues that it is an "agent of the Lessees." However, we agree with the Department that whether Citation Partners is an agent is irrelevant. As stated above, the sales tax exemptions do not cover leases.

¶33     Finally, Citation Partners argues that we should consider the legislative history of Act 185. Typically, if the meaning of a statute is plain, we stop our inquiry. *See Kalal*, 271 Wis. 2d 633, ¶45. Sometimes, however, courts may consider legislative history to confirm a plain-meaning interpretation or when a plain-meaning interpretation produces an absurd result. *See Teschendorf v. State Farm Ins. Cos.*, 2006 WI 89, ¶¶14-15, 293 Wis. 2d 123, 717 N.W.2d 258.

¶34     Here, even if we assume that it is appropriate to consult legislative history, the legislative history Citation Partners cites does not support its argument. Citation Partners asserts that the legislature intended that the sales tax exemptions include small businesses. Citation Partners, however, does not point to anything establishing that the exemptions were meant to expand to include leases.

¶35    Therefore, for the reasons stated above, we reverse the circuit court's orders and remand with directions to affirm the Commission's decision.

*By the Court.*—Orders reversed and cause remanded with directions.