# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2024AP138-OA |

| | |
|---|---|
| COMPLETE TITLE: | Dean Phillips,<br>      Petitioner,<br>   v.<br>Wisconsin Elections Commission and Wisconsin Presidential<br>Preference Selection Committee,<br>      Respondents. |

PETITION FOR ORIGINAL ACTION

| | |
|---|---|
| OPINION FILED: | February 2, 2024 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
|   COURT: | |
|   COUNTY: | |
|   JUDGE: | |

| | |
|---|---|
| JUSTICES: | |

Per curiam.

| | |
|---|---|
| ATTORNEYS: | |

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2024AP138-OA

| | | |
|---|---|---|
| STATE OF WISCONSIN | : | IN SUPREME COURT |

**Dean Phillips,**

    **Petitioner,**

    **v.**

**Wisconsin Elections Commission and Wisconsin Presidential Preference Selection Committee,**

    **Respondents.**

**FILED**

**FEB 2, 2024**

Samuel A. Christensen
Clerk of Supreme Court

ORIGINAL ACTION. *Rights declared; mandamus relief granted.*

¶1 PER CURIAM. This court is asked to exercise its original jurisdiction to review the decision of the Wisconsin Presidential Preference Selection Committee (the Selection Committee) and issue a writ of mandamus directing the Wisconsin Elections Commission (the Commission) to place the name of Dean Phillips on the 2024 Democratic presidential preference primary ballot.[1] As in McCarthy v. Elections Board, 166 Wis. 2d 481, 480 N.W.2d 241 (1992), and Labor & Farm Party v. Elections Board, 117

---

[1] When the Selection Committee and the Commission are referenced collectively in this opinion, we will refer to them as "the respondents."

Wis. 2d 351, 344 N.W.2d 177 (1984), we conclude that this matter is publici juris, and we exercise our original jurisdiction. We further conclude that the 2024 Selection Committee failed to demonstrate that it exercised discretion in applying the standard in Wis. Stat. § 8.12(1)(b)(2021-22)[2] to Dean Phillips, and we direct that the name of Dean Phillips be placed on the

---

[2] All subsequent references to the Wisconsin Statutes are to the 2021-22 version unless otherwise indicated. Section 8.12(1)(b), Stats., provides:

> On the first Tuesday in January of each year, or the next day if Tuesday is a holiday, in which electors for president and vice president are to be elected, there shall be convened in the capitol a committee consisting of, for each party filing a certification under this subsection, the state chairperson of that state party organization or the chairperson's designee, one national committeeman and one national committeewoman designated by the state chairperson; the speaker and the minority leader of the assembly or their designees, and the president and the minority leader of the senate or their designees. All designations shall be made in writing to the commission. This committee shall organize by selecting an additional member who shall be the chairperson and shall determine, and certify to the commission, no later than on the Friday following the date on which the committee convenes under this paragraph, the names of all candidates of the political parties represented on the committee for the office of president of the United States. The committee shall place the names of all candidates whose candidacy is generally advocated or recognized in the national news media throughout the United States on the ballot, and may, in addition, place the names of other candidates on the ballot. The committee shall have sole discretion to determine that a candidacy is generally advocated or recognized in the national news media throughout the United States.

Democratic presidential preference ballot as a candidate for the office of President of the United States.

¶2 Section 8.12(1)(b), Stats., prescribes the members of the Selection Committee. Those members include the chairs of the political parties (or their designees), a number of legislative leaders (or their designees), a number of political party representatives, and an additional member chosen by other members to serve as the chair of the Selection Committee. The statute assigns one task to the Selection Committee —— to determine which candidates have candidacies that are "generally advocated or recognized in the national news media throughout the United States" (the media advocacy or recognition standard). Wis. Stat. § 8.12(1)(b).[3] The Selection Committee is granted discretion in determining whether a particular candidacy meets that standard, but it is statutorily mandated to perform that analysis. If the Selection Committee concludes that a candidacy meets that standard, the statute says that it "shall place" that candidate's name on the presidential preference primary ballot. Id.

¶3 The relevant facts underlying the present action are undisputed. Dean Phillips is a United States representative serving the 3rd District of Minnesota. He is a declared candidate for the Democratic Party's nomination for the 2024 presidential election. Phillips recently appeared on the New Hampshire

---

[3] According to the statute, the Selection Committee may place other names on the presidential preference primary ballot in addition to the names of those candidates who meet the media advocacy or recognition standard.

3

Democratic presidential primary ballot and wishes to appear on Wisconsin's presidential preference primary ballot. In early December 2023, Phillips' campaign advised the Democratic Party of Wisconsin of his desire to appear on the presidential preference primary ballot. As noted above, the chair of that party served as a member of the 2024 Selection Committee.

¶4 On January 2, 2024, at 10:00 a.m., the Selection Committee convened the presidential candidate selection meeting as required by Wis. Stat. § 8.12(1)(b). The two party chairs listed the names of the candidates that their respective parties sought to have listed on the presidential preference ballot. The chair of the Democratic Party of Wisconsin listed only the name of Joseph Biden to be placed on the Democratic presidential preference primary ballot. Without any discussion, the Selection Committee unanimously adopted a motion to place the names submitted by the party chairs on the ballot. After adopting a procedural motion regarding the minutes of the meeting, the Selection Committee adjourned. The Selection Committee held no discussion about Phillips or any other Democratic presidential primary candidate. The entire meeting lasted just over five minutes.

¶5 On January 26, 2024, Phillips filed a petition for leave to commence an original action under Wis. Stat. § (Rule) 809.70 and for a writ of mandamus asking this court to declare that the Selection Committee erroneously exercised its discretion by failing to consider whether Phillips should be placed on the ballot for Wisconsin's 2024 Democratic presidential preference primary on the ground that Phillips' "candidacy is generally advocated or

4

recognized in the national news media throughout the United States." Wis. Stat. § 8.12(1)(b).

¶6 On January 31, 2024, the respondents filed a response to the original action petition arguing that this court should decline to exercise its original jurisdiction because Phillips unreasonably delayed in seeking relief from the actions taken by the Selection Committee on January 2, 2024. The respondents further argue that in the event this court were to exercise its original jurisdiction, it should deny Phillips the relief he seeks. The respondents assert that Phillips could have, but chose not to, gather at least 8,000 signatures (1,000 from each Congressional district) and submit a petition to the Commission to appear on the ballot, see Wis. Stat. § 8.12(1)(c), and he also did not promptly seek judicial relief. The respondents also argue that Phillips lacks standing to bring his claim because § 8.12(1)(b) gives Phillips no protected interest in having the Selection Committee discuss whether he was a nationally recognized candidate throughout the United States. The respondents assert:

> To the contrary, the statute says nothing about how the Committee decides whether an individual has that status, and its decision on that question is left to its "sole discretion." The statutes provide different recourse: an individual who wishes to appear in the presidential preference primary can simply gather 8,000 signatures from Wisconsinites around the State and file a petition with the Commission.

¶7 The respondents further assert that mandamus is not an appropriate vehicle for the remedies Phillips seeks because mandamus does not allow courts to step in to perform discretionary

5

tasks the Legislature has assigned to others. The respondents argue that Phillips is asking this court to act as the Selection Committee and determine that he is a nationally recognized candidate, but the statutes assign this task to the Selection Committee in its sole discretion——not to the judiciary. The respondents acknowledge that this court did utilize a mandamus remedy in McCarthy, but they assert that case was wrongly decided and ask the court to revisit it.

¶8 On February 1, 2024, we issued an order directing the Commission not to transmit the certified list of presidential preference primary candidates to county clerks until further order of this court so that we could have time to consider the merits of this matter and issue our written decision.[4] That same day we granted Phillips' motion to file a reply brief in support of his petition. The reply states that if Phillips had obtained 8,000 signatures and had filed a petition with the Commission by the statutorily imposed January 30, 2024 deadline,[5] as the respondents argue he should have done, that course of action would have delayed

---

[4] Section 7.08(2)(d), Stats., requires the Commission to transmit a certified list of candidates for president to be placed on the presidential preference primary ballot "[a]s soon as possible after the last Tuesday in January." After we had issued our order, counsel for the Commission advised us that the Commission had already transmitted a partial certified list containing the names of the candidates for the Republican presidential preference primary. The Commission, however, has not transmitted the portion of the certified list containing the names of the candidates for the Democratic presidential preference primary, presumably recognizing that it should not do so while this matter was pending before us.

[5] See Wis. Stat. § 8.12(1)(c).

the Commission's preparation and transmittal of a certified list of candidates by several days, as Wisconsin's ballot access regulations allow time for the Commission to review petitions; for parties to challenge petitions; for candidates to oppose challenges; and for the Commission to resolve challenges.

¶9 We find this case to be on all fours with McCarthy, and we grant the relief sought by Phillips. As in McCarthy, we determine only whether the Selection Committee erroneously exercised its discretion. We find that here, as was the case in McCarthy, "there is no evidence" that the Selection Committee's decision not to certify the subject candidate's name for ballot placement "was based on the Selection Committee's having properly applied the statutory standard of media advocacy or recognition" to the candidate's candidacy. McCarthy, 166 Wis. 2d at 489. McCarthy makes clear that the Selection Committee's consideration of this statutory standard is not to be a pro forma or perfunctory exercise, but one that involves a consideration and weighing of the facts at hand as to "all candidates." That did not occur here. As in McCarthy, we conclude that the Committee's "failure to exercise at all the discretion conferred upon it by statute constitutes an abuse of that discretion." Id. at 490. As we explained in McCarthy:

> The law governing the selection of names for ballot placement in the presidential preference election is inclusionary, not exclusionary. While requiring ballot placement of the name of each candidate whose candidacy the Selection Committee determines meets the news media recognition advocacy or recognition test, the statute gives the Selection Committee broad discretion to

7

certify other candidates for ballot placement. The proper exercise of the Selection Committee's discretion does not permit it to ignore the names of persons known to have declared their candidacy of the Republican, the Democratic or any other party for the office of U.S. President or who had expressed to the Selection Committee interest in being placed on the preference ballot.

Id.

¶10 We find unavailing the respondents' laches defense. Although the Commission indicates that there is a need to complete the candidate certification process as quickly as possible, there is no assertion before us that a resolution of this matter by today's date will prohibit the proper, timely finalization and distribution of primary ballots. Laches cannot possibly act as a bar to the placement of Mr. Phillips' name on the primary ballot when there is still sufficient time to do so. See Wisconsin Small Businesses United, Inc. v. Brennan, 2020 WI 69, ¶12, 393 Wis. 2d 308, 946 N.W.2d 101 (holding that the party asserting laches must show, among other things, prejudice resulting from the other party's delay). While we do not condone Mr. Phillips' delay in bringing this action, without a showing of prejudice laches cannot apply.

¶11 Nor are we persuaded by respondents' assertions that Mr. Phillips lacks standing to bring this action, or that the only relief properly available to him was his statutorily authorized opportunity to submit to the Commission a petition for ballot placement with the requisite number of signatures. See Wis. Stat. § 8.12(1)(c). These assertions are irreconcilable with the result in McCarthy, where we directed an identically situated

8

petitioner's name to be placed on the primary ballot after determining that the Presidential Preference Selection Committee failed to properly exercise the discretion conferred upon it by Wis. Stat. § 8.12(1)(b).

¶12 As in McCarthy, we conclude that the Presidential Preference Selection Committee erroneously exercised its discretion under Wis. Stat. § 8.12(1)(b) with respect to Phillips. We ordinarily would remand the matter back to the Selection Committee with directions for it to properly exercise its discretion. The Commission, however, advises us that there is a need for the certified list of candidates to be transmitted so that the local election officials can begin the process of preparing, printing, delivering, and mailing absentee ballots by the statutorily required deadlines.[6] We therefore conclude that there is insufficient time to permit remand to the Selection Committee for the proper exercise of discretion. Consequently, we direct that the name of Dean Phillips be placed on the 2024 Democratic presidential preference primary ballot as a candidate for the office of president of the United States. Our February 1, 2024 order directed to the Wisconsin Elections Commission is hereby

---

[6] Pursuant to Wis. Stat. § 7.10(3)(a), each county clerk is required to deliver presidential preference primary ballots to all of the municipal clerks in his or her county 48 days before the presidential preference primary, which in the present instance would be February 14, 2024. Municipal clerks are then required to mail presidential preference primary ballots to absentee voters who have requested them by the 47th day before the preference primary, which would be February 15, 2024. Wis. Stat. § 7.15(1)(cm).

vacated. After Phillips' name is added to the certified list of presidential preference primary candidates, the Wisconsin Elections Commission shall promptly transmit the certified list of the candidates for the Democratic presidential preference primary to the county clerks pursuant to Wis. Stat. § 7.08(2)(d).

*By the court.*—Rights declared; mandamus relief granted.