DEPARTMENT OF REVENUE, Appellant,

v.

TRUDELL TRAILER SALES, INC., Respondent-Petitioner.

Supreme Court

*No. 80–460.  Argued September 8, 1981.—Decided October 6, 1981.*

(Also reported in 310 N.W.2d 612.)

For the petitioner there were briefs by *Robert A. Schnur* and *Michael, Best & Friedrich* of Milwaukee, and oral argument by *Mr. Schnur.*

For the appellant the cause was argued by *Gerald S. Wilcox,* assistant attorney general, with whom on the brief was *Bronson C. La Follette,* attorney general.

STEINMETZ, J.   The issue in this case requires an interpretation of sec. 77.54(5)(a), Stats., to determine whether sales of semitrailers to be used outside the state are statutorily exempt from Wisconsin's sales tax. The court of appeals held such sales were not exempt. We reverse.

The Department of Revenue (department) assessed a sales tax deficiency against Trudell Trailer Sales, Inc. (taxpayer). The taxpayer petitioned for a redetermination of such deficiency on the grounds that the transactions in question were exempt from Wisconsin sales tax, but this petition was denied by the department. Such denial, however, was reversed by the Wisconsin Tax Appeals Commission, which agreed with the taxpayer that the sales were exempt under sec. 77.54(5)(a), Stats.[1]  The department then appealed the decision and order of the Tax Appeals Commission, and the Honorable Richard W. Bardwell of the Dane county circuit court affirmed the commission, agreeing that the sales were exempt. The department again appealed, to the court of appeals, and that court reversed the circuit court, holding

---

[1] Sec. 77.54(5)(a), Stats., provides:

"(5) The gross receipts from the sale of and the storage, use or other consumption of:

"(a) Aircraft, including accessories, attachments, fuel and parts therefor, sold to persons using such aircraft as certified or licensed carriers of persons or property in interstate or foreign commerce under authority of the laws of the United States or any foreign government, or sold to any foreign government for use by such government outside this state and aircraft, motor vehicles or truck bodies sold to persons who are not residents of this state and who will not use such aircraft, motor vehicles or trucks for which the truck bodies were made in this state otherwise than in the removal of such aircraft, motor vehicles or trucks from this state."

that the sales were not exempt. The taxpayer then filed a petition for review with this court.

During the relevant time period, January 1, 1973, to April 30, 1977, the taxpayer was engaged in the sale of semitrailers. The sales involved were made to nonresidents of Wisconsin for use solely outside of the state. Delivery was taken by the buyers within Wisconsin, but the semitrailers were immediately removed from the state and registered and operated elsewhere. Pursuant to the statutory requirements in sec. 77.52(13), Stats.,[2] the taxpayer accepted from each nonresident customer a certificate to the effect that the sale was exempt from payment of the Wisconsin sales tax.

The Tax Appeals Commission held for the taxpayer, concluding that semitrailers are "within the intent and meaning" of sec. 77.54(5)(a), Stats. The circuit court agreed with the commission, holding even more specifically that a semitrailer "clearly" fits within the definition of a "motor vehicle" for sales tax purposes. The court of appeals concluded the contrary and found in addition that a semitrailer was not shown by the taxpayer to be a "truck body."

This court will not determine whether for sales tax purposes a semitrailer is a "motor vehicle" when it is attached to a tractor which is power driven; in other words, whether when attached to the tractor it becomes a single unit which is a motor vehicle.

This court decides that "truck body," as used in the statute, includes a semitrailer and that is consistent with

---

[2] Sec. 77.52(13), Stats., provides:

"(13) For the purpose of the proper administration of this section and to prevent evasion of the sales tax it shall be presumed that all receipts are subject to the tax until the contrary is established. The burden of proving that a sale of tangible personal property or services is not a taxable sale at retail is upon the person who makes the sale unless he takes from the purchaser a certificate to the effect that the property or service is purchased for resale or is otherwise exempt."

legislative intent. A semitrailer is built to and does carry the cargo. Without it or some other unit to carry the load, a tractor, which is the power unit, serves little or no purpose. When the two pieces of equipment are joined, the semitrailer is the "truck body," and it fits that definition and purpose when constructed and sold. No basis exists for distinguishing that type of truck body from one with a self-contained motor.

The fact that "semitrailer" is listed in another section of the sales tax statute at sec. 77.54(5)(b), Stats.,[3] does not interfere with this court's analysis of legislative meaning. "Truck body" is nowhere defined in the statute and thus must be defined. We define that term to include semitrailers as that term is commonly understood and used. The general rule is that in the absence of an applicable statutory definition, it is the common usage of nontechnical words and phrases which is presumed meant by the legislature. *State v. Ehlenfeldt,* 94 Wis. 2d 347, 356, 288 N.W.2d 786 (1980). Sec. 77.54(5)(b) does not list "motor vehicles" either as in par. (a). Therefore, in par. (b), the legislature is obviously listing specific equipment exempt when sold to common or contract carriers. In par. (a), the paragraph relevant to this action, the legislature listed generic or all-inclusive equipment. The legislature did not have to list "motor trucks, truck tractors, road tractors, busses" since they are all "motor vehicles." The legislature did choose to list "trailers," whatever that term describes, and "semi-

---

[3] Sec. 77.54(5)(b), Stats., provides:

"(b) Motor trucks, truck tractors, road tractors, busses, trailers and semitrailers, and accessories, attachments, parts, supplies and materials therefor, sold to common or contract carriers who use such motor trucks, truck tractors, road tractors, busses, trailers and semitrailers exclusively as common or contract carriers, including the urban mass transportation of passengers as defined in s. 71.18(2)(a)."

trailers" along with "accessories, attachments, parts, supplies and materials therefor" in par. (b) ; however, that does not exclude by intent semitrailers as truck bodies in par. (a).

█

While it is correct that the taxpayer has the burden of bringing itself within the express provision of the exemption, *Ramrod, Inc. v. Department of Revenue*, 64 Wis. 2d 499, 504, 219 N.W.2d 604 (1974), the issue in the instant case is not an issue of fact but rather an issue of law, *i.e.*, what did the legislature mean to include in the terms "motor vehicles" and "truck bodies?" That is an issue of law and the taxpayer has the burden of persuasion rather than factual proof. We are convinced that the common usage and understanding of "truck bodies" includes semitrailers.

█

The taxpayer is therefore entitled under the circumstances of this case to the sales tax exemption provided under sec. 77.54(5) (a), Stats.

*By the Court.*—The decision of the court of appeals is reversed.