COURT OF APPEALS
DECISION
DATED AND FILED

July 25, 2023

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2022AP1349**

STATE OF WISCONSIN

Cir. Ct. No. **2021CV50**

IN COURT OF APPEALS
DISTRICT I

WILLIAM BECKER,

  PETITIONER-RESPONDENT,

 V.

WISCONSIN DEPARTMENT OF REVENUE,

  RESPONDENT-APPELLANT.

   APPEAL from an order of the circuit court for La Crosse County: TODD W. BJERKE, Judge. *Reversed and cause remanded with directions.*

   Before Brash, C.J., Donald, P.J., and Dugan, J.

   ¶1 DONALD, P.J. The Wisconsin Department of Revenue ("DOR") appeals a circuit court order that reversed a decision of the Tax Appeal Commission ("the Commission"). The Commission determined that "trailer type vehicles" sold by William Becker, the owner of Becker Trailers LLC, did not

qualify for a sales tax exemption pursuant to WIS. STAT. § 77.54(5)(a) (2008-09).[1] The circuit court reversed the Commission's decision, instead finding that the trailers did qualify for a sales tax exemption. For the reasons discussed below, we reverse the circuit court's order and remand with instructions to affirm the Commission's determination that Becker is not exempt from sales tax.

## BACKGROUND

¶2 The parties stipulated to the facts before the Commission. From January 1, 2008 through December 31, 2011, Becker sold "trailer type vehicles" to non-Wisconsin residents, who did not use the trailers in Wisconsin other than their removal from the state. The trailers included single axle, tandem axle, and gooseneck. Each of the trailers was designed to be used in conjunction with a pick-up truck or an automobile.

¶3 On September 23, 2013, and October 1, 2013, the DOR issued an assessment to Becker in the amount of $34,747.22 for individual tax, and $526,262.62 for sales and use tax plus interest.

¶4 On November 22, 2013, and December 2, 2013, Becker filed a petition for redetermination, which was denied by the DOR on February 11, 2015.

---

[1] As a preliminary matter, we note that the Tax Appeals Commission, the circuit court, and the parties' briefs all cited and discussed WIS. STAT. § 77.54(5)(a)4., which went into effect in 2014. *See* 2013 WI Act 185. However, given that the facts relevant to this case occurred prior to 2014, we issued an order requesting that the parties clarify what version of the statutes apply and whether this impacted the issues presented. In their supplemental briefs, both parties agree that the 2007-08, 2009-10, and 2011-12 versions of the statutes apply to the facts of this case and that this did not impact the issues presented. We agree with this analysis, and because the relevant statutory language at issue in the 2007-08, 2009-10, and 2011-12 versions are identical, we cite to the 2007-08 version in this opinion for ease of reading. Accordingly, all references to the Wisconsin Statutes are to the 2007-08 version unless otherwise noted.

¶5      Becker appealed the DOR's denial to the Commission on April 9, 2015.  The Commission granted summary judgment to the DOR, finding that Becker did not meet his burden to demonstrate that the DOR had erred in denying a sales tax exemption.  The Commission noted that "[t]he fundamental question … is whether the trailers sold by [Becker] are 'truck bodies'" under WIS. STAT. § 77.54(5)(a).  The Commission observed that the trailers sold by Becker were "designed to be used in conjunction with a pick[-]up truck or an automobile."  Further, automobiles plainly do not require "truck bodies" to serve a purpose, and pick-up trucks include "self-contained truck bodies as well as motors, and are also plainly quite often used without trailers."  Thus, there was no "necessary symbiotic relationship between trailers of the type sold by Becker and the motor vehicles that power their movement," making them truck bodies.  In addition, the Commission rejected Becker's argument that the definition of a semitrailer in WIS. STAT. § 340.01(57) was binding.

¶6      Becker petitioned for review in the circuit court.  After briefing and oral argument, the circuit court issued a written decision reversing the Commission.  The circuit court found "that the trailers Becker sold are 'truck bodies'" for the sales tax exemption in WIS. STAT. § 77.54(5)(a).  In particular, the circuit court stated that:

> On its own, the trailer has no use and cannot support itself, but once attached to the vehicle, trailers become extensions of the "truck body" of the towing vehicle.  The chassis of the trailers extend the chassis of the towing vehicle to allow it to carry more cargo.  The "truck body" of the towing vehicle was thereby modified for the particular purpose of towing cargo.

According to the court, Becker had no way of knowing that the trailers were not exempt from taxation. Thus, the court found that the DOR had erroneously interpreted the law.

¶7  The DOR then appealed to this court. We reference additional relevant facts below.

## DISCUSSION

¶8  Wisconsin imposes a five percent sales tax on the sale of tangible personal property. WIS. STAT. § 77.52(1). However, an exemption exists for:

> motor vehicles or truck bodies sold to persons who are not residents of this state and who will not use such … motor vehicles or trucks for which the truck bodies were made in this state otherwise than in the removal of such … motor vehicles or trucks from this state.

WIS. STAT. § 77.54(5)(a).

¶9  At issue in this case is the meaning of "truck bodies." Based on the plain language of WIS. STAT. § 77.54(5)(a), we conclude that the trailers that Becker sells are not "truck bodies."

¶10  When interpreting a statute, we start with the language of the statute. *State ex rel. Kalal v. Circuit Ct. for Dane Cnty.*, 2004 WI 58, ¶45, 271 Wis. 2d 633, 681 N.W.2d 110. If the meaning of the words of a statute is plain, we stop our inquiry and apply the words chosen by the legislature. *Id.* "Statutory language is given its common, ordinary, and accepted meaning, except that technical or specially-defined words or phrases are given their technical or special definitional meaning." *Id.*

¶11 "In an appeal following a decision of the Tax Appeals Commission, we review the Commission's decision, not the circuit court's." *Arty's, LLC v. DOR*, 2018 WI App 64, ¶13, 384 Wis. 2d 320, 919 N.W.2d 590 (citation omitted). We defer to the Commission's findings of fact so long as they are supported by substantial evidence, but we review its legal conclusions *de novo*. *See Citation Partners, LLC v. DOR*, 2023 WI 16, ¶8, 406 Wis. 2d 36, 985 N.W.2d 761.[2] The party seeking the sales tax exemption has the burden to prove its entitlement, and any ambiguity is resolved in favor of taxation. *Southwest Airlines Co. v. DOR*, 2021 WI 54, ¶24, 397 Wis. 2d 431, 960 N.W.2d 384. "[A]ll presumptions are against tax exemption, and an exemption should not be extended by implication." *Id.*, ¶26.

¶12 Here, the sales tax exemption applies to "truck bodies sold to persons who are not residents of this state and who will not use such … motor vehicles or trucks for which the truck bodies were made in this state otherwise than in the removal of such … motor vehicles or trucks from this state." WIS. STAT. § 77.54(5)(a). As the DOR asserts, the language that "trucks for which the truck bodies were made" requires that the truck body be a part of a complete truck. Becker's trailers are not made to be a part of a complete truck. Rather, they are pulled behind trucks or cars. Thus, they are not truck bodies under the plain language of the statute.

---

[2] The DOR observes that the statutes provide that "due weight shall be accorded the experience, technical competency, and specialized knowledge of the agency involved[.]" *See* WIS. STAT. § 227.57(10). However, "[i]f an agency brings to court nothing but a rote recitation of its background with the subject matter, it should not expect the statutory directive to give its argument extra heft." *Tetra Tech EC, Inc. v. DOR*, 2018 WI 75, ¶79, 382 Wis. 2d 496, 914 N.W.2d 21. Here, the DOR does not develop an argument regarding any specific experience, expertise, or specialized knowledge that it or the Commission possesses. Accordingly, we review the Commission's decision *de novo*.

¶13     In addition, the trailers sold by Becker are not entitled to a sales tax exemption under **DOR v. Trudell**, 104 Wis. 2d 39, 310 N.W.2d 612 (1981).  In **Trudell**, the Wisconsin Supreme Court examined whether the sales of semitrailers used outside the state were statutorily exempt from sales tax.  **Id.** at 40.  **Trudell** stated that a "semitrailer is built to and does carry the cargo.  Without it or some other unit to carry the load, a tractor, which is the power unit, serves little or no purpose."  **Id.** at 42.  Thus, "[w]hen the two pieces of equipment are joined, the semitrailer is the 'truck body,' and it fits that definition and purpose when constructed and sold."  **Id.**

¶14     In contrast to the semitrailers in **Trudell**, Becker's trailers do not satisfy this test.  A trailer joined to a car or truck does not become the body of a completed truck.  The cars and trucks that pull the trailers function separately.  If the legislature wished to exempt trailers, it would have expressly said so as opposed to specifically using the term "truck body."  *See **Southport Commons, LLC v. DOT**, 2021 WI 52, ¶32, 397 Wis. 2d 362, 960 N.W.2d 17 ("The legislature is presumed to 'carefully and precisely' choose statutory language to express a desired meaning."  (Citation omitted)).

¶15     Becker points to the fact that the DOR has promulgated a rule regarding the exemption of truck bodies, which provides in pertinent part:

> The sales price from the sales of motor vehicles or truck bodies to nonresidents of Wisconsin … who will not use the vehicles or trucks for which the truck bodies were made in Wisconsin other than in their removal from Wisconsin is exempt.  Truck bodies include semi[]trailers.

WIS. ADMIN. CODE § TAX 11.83(4)(a).  Becker asserts that the trailers he sold qualify as semitrailers under this rule.

¶16    The DOR, however, has no authority to add a rule that goes beyond the statute. *See generally*, **Seider v. O'Connell**, 2000 WI 76, ¶26, 236 Wis. 2d 211, 612 N.W.2d 659 ("A rule out of harmony with the statute is a mere nullity." (Citation omitted)).  Additionally, the rule does not define or purport to apply a definition for a semitrailer other than that in **Trudell**.  Thus, we conclude that the rule does not provide support to Becker's argument that the trailers he sold qualify for an exemption.

¶17    Becker also suggests that the current definitions of "semitrailer" and "trailer" found in WIS. STAT. ch. 340 apply here.  WIS. STAT. § 340.01(57) provides that:

> "Semitrailer" means a vehicle of the trailer type so designed and used in conjunction with a motor vehicle that some part of its own weight and that of its own load rests upon or is carried by another vehicle, but does not include a mobile home.  A vehicle used with a ready-mix motor truck to spread the load is considered a semitrailer.

Sec. 340.01(71) provides that:

> "Trailer" means a vehicle without motive power designed for carrying property or passengers wholly on its own structure and for being drawn by a motor vehicle, but does not include a mobile home.

¶18    However, these statutes do not apply to WIS. STAT. ch. 77, which addresses general sales and use tax.  The introduction to WIS. STAT. § 340.01 provides "[i]n s. 23.33 and chs. 340 to 349 and 351, the following words and phrases have the designated meanings…."  The introduction does not reference Chapter 77.  Further, as Becker acknowledges, some of the definitions in § 340.01 were originally incorporated into Chapter 77, but then were eliminated in 1969.  *See* WIS. STAT. § 77.52(1)(a)4. (1963-64); Ch. 154, Laws of 1969, § 240.

¶19 Finally, Becker points to several dictionary definitions of "semitrailer." These definitions, however, were not included in WIS. STAT. § 77.54, nor were they relied upon by *Trudell*. *Trudell* did not reference any dictionary definitions of "semitrailer." Rather, *Trudell* concluded that the items at issue were truck bodies based on their purpose. *See id.*, 104 Wis. 2d at 42.

¶20 Therefore, we conclude that Becker does not sell "truck bodies," which would entitle him to a sales tax exemption. Accordingly, we reverse the circuit court's order and remand with instructions to affirm the Commission's determination that Becker is not entitled to a sales tax exemption.

*By the Court.*—Order reversed and cause remanded with directions.

Not recommended for publication in the official reports.